UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANDREW C. CURTIN, )<br>Individually and as Personal )<br>Representative of the Estate of )<br>**CYNTHIA CARTWRIGHT,** )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>**JOHNSON & JOHNSON, et al.,** )<br>)<br>Defendant ) | No. 2:24-cv-00427-LEW |

### ORDER ON MOTION TO CONTINUE

This matter comes before me on a "Motion for Continuance" filed by the Plaintiff, Andrew C. Curtin, on January 7, 2026. Motion (ECF No. 94). For the reasons set forth below, the motion is granted.

### I. Discussion

On September 27, 2024, Curtin filed this action in Cumberland County Superior Court. Complaint (ECF No. 1-1) at 25. After service of the complaint, Defendants removed the case to this Court on December 11, 2024. Notice of Removal (ECF No. 1). On August 15, 2025, I set a trial ready date of March 2, 2025. *See* ECF No. 38. In mid-December 2025, the parties filed six motions concerning expert testimony and exhibits. *See* ECF Nos. 73, 75, 78, 81-83. In early January 2026, the Defendants filed two additional motions addressing Curtin's December filings, resulting in a total of eight pending motions to be resolved before trial. *See* ECF Nos. 90, 93. These filings are in addition to Defendants' pending motion for partial

1

summary judgment. *See* ECF No. 45. On January 7, 2026, Curtin filed the motion to continue the trial date and pretrial conference now before the Court. *See* ECF No. 94.

Trial management, "including [the] broad discretion to grant or withhold continuances," is "peculiarly within the ken of the district court." *United States v. Saccoccia*, 58 F.3d 754, 770 (1st Cir. 1995); *see also* Fed. R. Civ. P. 40. When evaluating a motion to continue, "[a] reviewing court must look first at the reasons contemporaneously presented in support of the request for the continuance." *Id.* Then it may look at other relevant factors, including

> the amount of time needed for effective preparation, the amount of time actually available for preparation, the amount of time previously available for preparation and how assiduously the movant used that time, the extent to which the movant has contributed to his perceived predicament, the complexity of the case, the availability of assistance from other sources, the probable utility of a continuance, the extent of inconvenience to others (such as the court, the witnesses, and the opposing party) should a continuance ensue, and the likelihood of injustice or unfair prejudice attributable to the denial of a continuance.

*Id.*

After reviewing the parties' filings, I am satisfied that Curtin has demonstrated good cause for a continuance. Putting aside the scheduling issues (which weigh in favor of a continuance) that Curtin's counsel raised in their motion, the nature of the claims requires that the parties have time to align their trial preparation with the Court's rulings on the pending motions. *See* Motion at 2-3. Therefore, the appropriate schedule will allow the Court time to rule on the pending motions and give the parties time to adjust their trial strategies based on those

decisions. Furthermore, the case involves significant expert testimony that is the subject of the December filings. *See, e.g.*, ECF Nos. 73, 75, 78, 81-83. The admissibility of such testimony directly affects both parties' ability to coordinate with their witnesses and prepare for trial. In addition to expert witness matters, Curtin anticipates further motions in limine regarding non-expert testimony that the Court will need to address in addition to the pending motions. Motion at 2. Considering these circumstances, I conclude that a continuance is warranted.

## II. Conclusion

For the foregoing reasons, I **GRANT** Curtin's motion for a continuance and **ORDER** that the case be placed on the May 2026 trial list.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: January 15, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

3